## WEBSTER vs. COON.

*Deed — Place of witness's signature, when immaterial.*

Where the name of only one witness to a deed was signed in the usual place for such signatures, but another name was subscribed in such a manner as to make it clear, on the face of the instrument, that it was subscribed as that of a witness to the execution thereof: *Held*, that the deed was entitled to record, and the record thereof was competent evidence of title under the statute.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. Complaint in the usual form. Answer, a general denial as to title, but admission as to possession. On the trial, the plaintiff showed title to the premises vested in the defendant *Coon*, in May, 1847 ; a mortgage given in June, 1850,

by him and his wife to Thomas A. Follett; a foreclosure of such mortgage, and a sale of the premises in December, 1852, to said Follett, by E. L. Buttrick, a commissioner appointed by the court for that purpose, and a confirmation of such sale. He then offered in evidence the record of the commissioner's deed to Follett. The defendant objected to its admission, on the ground that it was not a proper record, because the deed had but one witness; and the court sustained the objection. This record showed one name in the place where witnesses usually sign, and another at the left hand, beneath the certificate of acknowledgment. The plaintiff then offered a deed to himself from Follett, which, on defendant's objection that no title in Follett had been shown, was also excluded; and, thereupon, the court dismissed the complaint. The plaintiff appealed.

*Gabe Bouck*, for appellant, claimed that the law does not prescribe where the witness's name shall be placed, but the true test is, whether it is apparent from the instrument itself that the name was signed as a witness; and that, the sale to Follett under foreclosure of *Coon's* mortgage having been shown, the deed was admissible to make out a *prima facie* case.

*E. P. Finch*, for respondent.

COLE, J.   The circuit court excluded the record of the deed from Buttrick to Follett as evidence, because the deed was not executed in the presence of two witnesses, who subscribed their names to the same as such, which was necessary to entitle the deed to record. The name of the witness Boynton is not signed in the usual place, but we agree fully with the counsel for the plaintiff, that it is perfectly manifest from the face of the instrument that Boynton's name was subscribed as a witness to the execution of the deed. We think the deed was sufficiently witnessed to entitle it to be recorded; and, as a matter of course, the record thereof was competent evidence.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.